**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

NOV 12 2019

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 18-10384 |
| Plaintiff-Appellee, | D.C. No. 3:18-cr-00204-SI-1 |
| v. | |
| OLVIN DIDIER CENTENO-GAMEZ, AKA Olbin Santano, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Northern District of California
Susan Illston, District Judge, Presiding

Submitted October 22, 2019[**]
San Francisco, California

Before: WALLACE and MURGUIA, Circuit Judges, and LASNIK,[***] District Judge.

Olvin Didier Centeno-Gamez ("Centeno-Gamez") appeals from the eighty-

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Robert S. Lasnik, United States District Judge for the Western District of Washington, sitting by designation.

four-month sentence imposed following his guilty-plea conviction to three counts of possession with intent to distribute a controlled substance within one-thousand feet of a school, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C), and 860(a), and one count of illegal reentry following removal, in violation of 8 U.S.C. §§ 1326(a) and (b)(2). We affirm.

Centeno-Gamez's sole argument on appeal is that the district judge erred by imposing a four-point enhancement under U.S.S.G. § 2L1.2(b)(2)(D), which applies if a defendant sustains a qualified criminal conviction before he or she is ordered deported or removed from the United States for the first time. But it is clear from the record that the district judge determined that Centeno-Gamez was a career offender because he had at least two prior felony convictions for controlled substance offenses. Accordingly, he was sentenced as a career offender pursuant to U.S.S.G. § 4B1.1(b)(2), which superseded any other calculations, including the enhancement Centeno-Gamez is challenging on appeal. U.S.S.G. § 4B1.1(b) ("[I]f the offense level for a career offender from the table in this subsection is greater than the offense level otherwise applicable, the offense level from the table in this subsection *shall apply*." (emphasis added)).

The district judge properly determined the guidelines range under U.S.S.G. § 4B1.1(b), the career offender provision, because Centeno-Gamez had at least two prior felony convictions for controlled substance offenses. At the sentencing

2

hearing, the district judge held that she was not "granting any of [Centeno-Gamez's] objections on the guidelines or the calculations." This necessarily included denying Centeno-Gamez's objection in his sentencing memorandum that the career offender enhancement should not apply. While indicating Centeno-Gamez was not the "traditional" career offender, the district judge acknowledged that Centeno-Gamez was "plugged in to some kind of enterprise that has access to these drugs." From the career offender guideline range, the district court agreed to vary the sentence downward for "the reasons that the probation officer cited."

The district judge did not err in sentencing Centeno-Gamez as a career offender pursuant to U.S.S.G. § 4B1.1(b)(2).

**AFFIRMED.**